Owen B. Walsh, Esq. First Chief Deputy County Attorney, County of Nassau
You have requested an interpretation of a provision of chapter 536 of the Laws of 1987, which deals with the remediation of inactive hazardous wastes disposal sites, petroleum spills and hazardous waste spills.
This amendment was prompted by difficulties experienced in obtaining contractors to clean up these sites and spills (Governor's Approval Memorandum, L 1987, ch 536). Contractors were reluctant to perform this remediation work and insurers were reluctant to provide coverage because of the strict liability standard applicable to hazardous materials torts and also in light of exposure created by common law joint and several liability (ibid.). Under the amendment, contractors are liable only for negligence, gross negligence or reckless, wanton or intentional misconduct (Environmental Conservation Law, § 27-0916[3]). Additionally, the amendment established a limit on joint and several liability of joint tortfeasors with respect to non-economic personal injury claims and property damage claims.
You have requested that we review a provision of chapter 536 codified in section 27-0916(3) of the Environmental Conservation Law.
 "Notwithstanding any other provision of law to the contrary, the liability of any person designing, implementing or otherwise performing services related to cleanup or restoration work pursuant to a contract with the department, or an order of the department
or a court for any injury to a person or property caused by or related to such services, shall be limited to acts or omissions of the person during the course of performing such services which are shown to have been the result of negligence, gross negligence or reckless, wanton or intentional misconduct" (emphasis added).
You have informed us that Nassau County will soon be entering into an order of consent with the Departments of Environmental Conservation and Law to remediate a site. The question is whether this order is within the coverage of the above provision so that contractors employed by the county for remediation will receive the benefits of the limitation on liability provided by chapter 536 of the Laws of 1987.
In our view, a consent order entered into by the county and the Department of Environmental Conservation for the cleanup of an inactive hazardous waste facility is within the coverage of subdivision 3 of section 27-0916. First, as part of the scheme for the cleanup of such sites, whenever the Commissioner of the Department of Environmental Conservation determines that hazardous wastes at an inactive hazardous waste disposal site constitute a significant threat to the environment, he may order the owner of the site and/or any person* responsible for the disposal of the waste to develop a remediation program and to implement the program within reasonable time limits specified in the order (id., § 27-1313[3][a]). It seems clear that the language in section 27-0916(3), with which you are concerned, is a reference to a commissioner's order to clean up a site. This is confirmed in a memorandum by the Senate sponsor of the bill (Bill Jacket, L 1987, ch 536, Memorandum by Senator John B. Daly in relation to Senate 6448-A). He notes that the benefits of the bill would be extended only to hazardous waste site remediation contractors working for the Department or pursuant to a remedial plan. "This feature should encourage the submission of remedial plans to the Department for review, approval, and the establishment of a compliance schedule in an administrative consent order."
We believe that a consent order between the county and the Department of Environmental Conservation for the cleanup of an inactive hazardous waste disposal site is covered by subdivision 3 of section27-0916 of the Environmental Conservation Law. Thus, a contractor performing remediation work at the site in accordance with the order would receive the benefits of limited liability provided by chapter 536 of the Laws of 1987.
* "Person" includes a governmental corporation, a municipality and a political subdivision of a state (id., § 27-0901[7]).